# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUNCAN JUDSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendants | ) |

## **COMPLAINT**

DUNCAN JUDSON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING, LLC ("Defendants"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the Commonwealth of Massachusetts and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Shrewsbury, Massachusetts 01545.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is a debt collection company with its headquarters located at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

8. MCM collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. MCM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and sought to collect a debt from Plaintiff.

10. Defendant MIDLAND FUNDING, LLC ("Midland") is a debt collection company with its headquarters located at 8875 Aero Drive, Suite 200,

San Diego, CA 92123.

11. Midland is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all relevant times, Defendants were attempting to collect an alleged consumer debt.

14. The debt, a Verizon cable account, arose out of transactions that were primarily for personal, family, or household purposes.

15. Plaintiff has always disputed owing the debt Defendant was attempting to collect.

16. The underlying debt was for cable service at a residential address during a period of time when Plaintiff did not reside at that address.

17. Beginning in or around December 2012, and continuing through March 2013, MCM continuously and repeatedly contacted Plaintiff in its attempts to collect a debt.

18. During the relevant period, MCM used the quantity and timing of its collection calls as a means to harass Plaintiff.

19. From December 2012 through March 2013, Defendant called Plaintiff between once and twice per day, nearly every day.

20. On at least one occasion, Defendant called Plaintiff at 9:23 p.m.

21. Defendant even called Plaintiff on Christmas Eve about a debt he does not owe.

22. On numerous occasions, when the parties spoke, Plaintiff requested that MCM stop calling him.

23. Despite this request, MCM continued to call Plaintiff on a repetitive and continuous basis.

24. Upon information and belief, MCM called Plaintiff on a repetitive and continuous basis with the intent of harassing him, as the content of calls did not change and Defendant had been notified that the calls were unwanted.

25. Further, on multiple occasions, Plaintiff verbally disputed owing the debt and requested that Defendant provide information regarding the underlying debt, including service dates, and the address where the services were rendered.

26. Defendant refused to provide this information to Plaintiff, and instead told Plaintiff that it did not have to provide this information to Plaintiff, but instead, Plaintiff had to prove to Defendant that he did not owe the debt.

# DEFENDANTS VIOLATED THE
# FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

27. Defendants' conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

   a. Section 1692c(a)(1) of the FDCPA prohibits a debt collector from communicating with a consumer at any unusual time or place known or which should be know to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communication with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

   b. Here, Defendant violated §1692c(a)(1) of the FDCPA by placing collection calls to Plaintiff after 9:00 p.m.

## COUNT II

28. Defendants' conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

   a. Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass,

oppress, or abuse any person in connection with the collection of a debt.

b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendants violated §§1692d and 1692d(5) of the FDCPA by continuously calling Plaintiff between once and twice per day, nearly every day for months, with the intent to annoy, abuse and harass Plaintiff. Further, Defendants violated §1692d by continuing to call Plaintiff after having been instructed by Plaintiff to stop calling.

## COUNT III

29. Defendants' conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692e of the FDCPA.

a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b. Here, Defendants violated §1692e of the FDCPA by refusing to provide Plaintiff the information he requested regarding the

underlying debt, and telling Plaintiff that Defendants were not obligated to provide such information but instead, Plaintiff had to prove to Defendant that he did not owe the debt.

## COUNT IV

30. Defendants' conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f of the FDCPA.

    a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendants violated §1692f of the FDCPA by continuing its attempts to collect the debt even though it refused to provide the information Plaintiff requested regarding the underlying debt, and by its attempts to collect a debt that Plaintiff explained to Defendants he did not owe.

WHEREFORE, Plaintiff, DUNCAN JUDSON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DUNCAN JUDSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 06/14/2013            By: */s/ Craig Thor Kimmel*
                                CRAIG THOR KIMMEL
                                BBO# 662924
                                Kimmel & Silverman, P.C.
                                30 E. Butler Pike
                                Ambler, PA 19002
                                Phone: (215) 540-8888 ext. 148
                                Fax: (877) 788-2864
                                Email: kimmel@creditlaw.com