**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DUNCAN JUDSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   **Case No.: 1:13-cv-11435-TSH** |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC. | ) |
| AND MIDLAND FUNDING, LLC, | ) |
| | ) |
| Defendants | ) |
| | ) |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FULL AND COMPLETE RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

Duncan Judson ("Plaintiff"), pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, moves this court to compel Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("MFL") (collectively, "Defendants") to comply with their discovery obligations and produce responses to Plaintiff's Interrogatories ("ROGS" or "ROG") and Requests for Production of Documents ("RPDS" or "RPD").  Plaintiff has attempted to resolve these discoveries disputes many times, through email, telephone calls, and written correspondence, but Defendants, despite promises to do so, have not supplemented their responses and/or made the responsive documents available to Plaintiff.  Plaintiff requested a conference, and thereafter, spoke with Defendant's counsel, Christopher Seusing regarding the deficiencies in Defendants' discovery responses, but the parties have been unable to resolve the dispute.

In its response to Plaintiff's ROGS and RPDS, Defendant has raised numerous erroneous objections, which has hampered Plaintiff's ability to complete discovery in a timely manner.   Therefore, Plaintiff requests that this Honorable Court enter an order compelling Defendants to produce documents responsive to Plaintiff's RPDS and fully answer Plaintiff's ROGS by a date certain so that discovery can be completed in a timely manner.

## I.      FACTUAL BACKGROUND

Plaintiff filed this action against Defendants on June 14, 2013, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). Specifically, Plaintiff's complaint alleged that Defendants violated the FDCPA by: (1) placing collection calls to Plaintiff after 9:00 p.m.; (2) continuously calling Plaintiff between once and twice per day, nearly every day for months, with the intent to annoy, abuse and harass Plaintiff; (3) continuing to call Plaintiff after having been instructed by Plaintiff to stop calling; (4) refusing to provide Plaintiff the information he requested regarding the underlying debt, and telling Plaintiff that Defendants were not obligated to provide such information but instead, Plaintiff had to prove to Defendant that he did not owe the debt; and (5) continuing its attempts to collect the debt even though it refused to provide the information Plaintiff requested regarding the underlying debt, and attempting to collect a debt that Plaintiff explained to Defendants he did not owe.   On August 19, 2013, Defendants Answered Plaintiff's Complaint, denying almost every allegation.

The parties are presently engaged in the discovery process.   On December 9, 2013, Plaintiff sent his Rule 26 disclosures, along with his ROGS and RPDS to Defendants.   On January 9, 2014, the deadline for Defendants to respond to Plaintiff's

ROGS and RPDS, Defendants' counsel sent an email to Plaintiff's counsel requesting a one week extension to provide its discovery responses.  Plaintiff's counsel granted this request, setting the new deadline for Defendants to respond to January 16, 2014.  On January 17, 2014, Defendants emailed to Plaintiff their discovery responses to Plaintiff's RPDS, with the exception of MCM's answers to Plaintiff's ROGS, which Plaintiff received on January 29, 2014.  See Exhibits A, B, and C, Defendants' Responses to Discovery.  For almost five (5) months, the undersigned firm informally tried to address the deficiencies in Defendants' discovery responses with opposing counsel, both through email and over the telephone.  Seeing that Defendants were unwilling to produce any responsive documents, on May 5, 2014, Plaintiff sent a thirty-five (35) page letter to Defendants detailing the numerous deficiencies and inappropriate objections they raised in their responses to Plaintiff's ROGS and RPDS and requesting a conference to address these issues.  See Exhibit D, May 5, 2014, Correspondence to Opposing Counsel. Thereafter, on or about May 13, 2014, at approximately 10:35 a.m., counsel for Plaintiff, Tara L. Patterson, and counsel for Defendant, Christopher J. Seusing, had a telephone conference regarding Plaintiff's discovery dispute.  The length of the conference was approximately 20-25 minutes.  To date, the parties have been unable to resolve the dispute and Defendants have not supplemented their discovery responses or produced the relevant documents.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure allow for liberal discovery.  See M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635 (D.MA. 1984)("the Court finds that the broad mandates of Fed.R.Civ.P. 26 demand that the scope of

discovery be liberally construed so as to provide both parties with information essential to the proper litigation on all the facts")(citations omitted).  Rule 26(b)(1) provides:

> "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Fed. R. Civ. P. 26(b)(1).  "According to the Supreme Court, the purpose of these rules is to provide a way, consistent with recognized privileges, 'for the parties to obtain the fullest possible knowledge of the issues and facts before trial.'"  Grinnell Corp. v. Hackett, 70 F.R.D. 326, 332 (D.R.I. 1976) citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 389, 91 L.Ed. 451, 457 (1947).  The party resisting discovery bears the burden of showing that the requested information is not discoverable, that is, "that the requested documents either do not come within the broad scope of relevance defined pursuant to Federal Rule of Civil Procedure 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."  Trask v. Olin Corp., 2014 WL 836154, *19 (W.D.Pa. March 4, 2014) citing Bracey v. Harlow, 2012 WL 4857790 (W.D.Pa. Oct. 12, 2012) (Kelly, M.J.).  The opposing party may not simply assert that the request is oppressive or burdensome without detailing the nature and extent of the burden.  See Aponte-Navedo v. Nalco Chemical Co., 268 F.R.D. 31 (D.P.R. 2010) citing Sanchez-

Medina v. UNICCO Serv. Co., 265 F.R.D. 24, 27 (D.P.R. 2009)(quoting St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)(citations omitted)).

## III.    ARGUMENT

The majority of Defendant's general objections consist of boilerplate language, including: (1) "MCM objects stating that [the ROG or RPD] seeks information which is neither relevant nor reasonably designed to lead to the discovery of admissible evidence"; (2) "Midland Credit objects to the extent that this ROG [or RPD] is overly broad and unduly burdensome"; (3) Midland Credit objects that certain terms contained in specific ROGS or RPDS are vague, ambiguous and undefined; (4) "Midland Credit objects to the extent that this ROG [or RPD] seeks information protected by the attorney-client privilege and/or the work product doctrine"; and (5) Midland Credit objects to this ROG [or RPD] to the extent it requests information which is confidential, proprietary and constitutes trade secrets." On May 5, 2014, Plaintiff sent a thirty-five (35) page letter addressing each of Defendants' responses to ROGS and RPDS, which Plaintiff believed were incomplete, setting forth the specific dispute with Defendants' objections. Defendants did not supplement their discovery responses or provide any written response. Here, each of Defendant's general objections will be addressed below, in turn.

Additionally, in its responses to Plaintiff's discovery requests, Defendants agreed to make certain documents available for inspection; however, despite numerous requests to either produce the documents or allow counsel to inspect the documents, counsel for Defendants have refused to make the documents available.  Even after Plaintiff's

identified this as an issue in the May 5, 2014, correspondence, Defendants still have not

produced the documents and/or made them available to Plaintiff for inspection.

> **A.   The Court should Order MCM to Produce Documents Responsive to Plaintiff's Requests Because they are in MCM's Possession, Custody, or Control.**

MCM have improperly excluded its internal documents from their production,

despite those documents containing information responsive to Plaintiff's Requests and

are highly relevant.  It is well settled that a party must disclose relevant documents within

"its possession, custody or control."  Fed. R. Civ. P. 24(a)(1)(A).

Here, in its responses to Plaintiff's Requests for Production of Documents, MCM

stated:

**Request No. 1:**   Any and all documents identified in Response to all sets of
Plaintiff's Interrogatories and Requests for Statements.

> Answer: . . . Discoverable documents responsive to this Request will be
> made available for inspection and copying at a mutually agreeable time at
> the offices of the undersigned counsel.

**Request No. 4:**  Full and complete copy of the entire collection file(s) pertaining to
Plaintiff and/or a Duncan Judson and/or any account(s) placed with Defendant in the
collection of which Defendant contacted Plaintiff, identifying any and all items that have
been removed, destroyed, lost or stolen and/or which any claim of privilege is asserted.

> Answer: . . . Certain discoverable documents responsive to this Request
> will be made available for inspection and copying at a mutually agreeable
> time at the offices of the undersigned counsel.

**Request No. 9:**  Any and all documents in the possession or control of Defendant
which are, in any way, relevant to the subject matter of the instant lawsuit, including
relevant to the matters set forth in Plaintiff's complaint and Defendant's answer.

> Answer: . . . Certain discoverable documents responsive to this Request
> will be made available for inspection and copying at a mutually agreeable
> time at the offices of the undersigned counsel.

**Request No. 10:** Any and all documents recording, documenting, or otherwise tracking Defendant's attempts to collect any and all debt(s) from and/or any communications with Plaintiff and/or a Duncan Judson, including but not limited to:

    a. Records of all inbound or outbound telephone calls, to or from Plaintiff;

    b. Records of all inbound or outbound United States mail, to or from Plaintiff;

    c. Records of all other inbound or outbound communication of whatever kind, to or from Plaintiff; and

    d. Records of all inbound or outbound telephone calls to third parties made by Defendant attempting to collect any and all debt(s) alleged to be owed by Plaintiff and/or any account(s) in the collection of which Defendant attempted to contact Plaintiff.

        Answer:  . . . Discoverable documents responsive to this Request will be made available for inspection and copying at a mutually agreeable time at the offices of the undersigned counsel.   These documents include collection records related to the account at issue.

**Request No. 12:** Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendant to collect debts, which include any Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff and/or a Duncan Judson.

        Answer:  . . . Discoverable documents responsive to this Request will be made available for inspection and copying at a mutually agreeable time at the offices of the undersigned counsel.   These documents include collection records related to the account at issue.

**Request No. 16:**   Produce all documents that support Defendant's Affirmative Defenses.

        Answer:  . . . Certain discoverable documents responsive to this Request will be made available for inspection and copying at a mutually agreeable time at the offices of the undersigned counsel.

Despite making several requests to inspect the documents, and/or for counsel for Defendants to provide the responsive documents, MCM has only produced a November 10, 2012, letter sent to Plaintiff and redacted collection account notes (with no privilege log for the redactions).   MCM is in possession of relevant documents related to its

communications with Plaintiff, its collection activities, and information related to its affirmative defenses, which is relevant to his claims against Defendants.  MCM should be compelled to produce all responsive documents.

**B.      MCM's general objections are not sufficient to satisfy its burden of showing that the information requested by Plaintiff is not discoverable.**

   ***i.      MCM has not demonstrated that Plaintiff's ROGS or RPDS seek information which is neither relevant nor reasonably designed to lead to the discovery of admissible evidence.***

First, MCM asserts a general objection to ROG Nos. 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 19, 20, and 21, and RPD Nos. 2, 3, 5, 6, 7, 8, 11, 12, 13, 14, and 15, on the ground that they seek information which is neither relevant nor reasonably designed to lead to the discovery of admissible evidence.  "[A] party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending litigation, and the information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

The Discovery Requests are listed below, with MCM's Objections and Plaintiff's Responses:

| *Interrogatory No.* | *MCM's Objection* | *Plaintiff's Response* |
|---|---|---|
| Interrogatory No. 5 – Identify all training that MCM provides to its employees in the area of debt collection | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | The identity or description of training content, timing, and duration; all documents and audio or visual materials used in such training; and each person involved in providing such training appears reasonably calculated to lead to the discovery of admissible evidence, as MCM asserts a bona fide error defense |
| Interrogatory No. 6 – Identify all documents, manuals, instructions, checklists, memorandum, or other documentation given to MCM's | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | The documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or |

| | | |
|---|---|---|
| employees regarding the collection of debts. | | instructions that MCM's employees are given, read, review, or otherwise use, regarding the collection of debts appears reasonably calculated to lead to the discovery of admissible evidence, as MCM asserts a bona fide error defense |
| Interrogatory No. 7 – Identify MCM's disciplinary policies for violating federal/state debt collection laws | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | MCM's disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind appears reasonably calculated to lead to the discovery of admissible evidence |
| Interrogatory No. 8 – Identify and describe all documents which describe, record or establish MCM's methods and techniques used to collect debts | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | MCM's disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind appears reasonably calculated to lead to the discovery of admissible evidence, particularly as MCM asserts a bona fide error defense |
| Interrogatory No. 9 – Describe system that MCM uses/maintains/operates to record any mail, telephone or other communications in its attempts to collect a debt | Calls for irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence | How MCM stores information is reasonably calculated to lead to the discovery of admissible evidence, particularly as it will allow Plaintiff to learn about all the information MCM may retain related to the collection account |
| Interrogatory No. 10 – Identify whether MCM electronically records calls with persons from which it collects debts | Calls for irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence | Plaintiff alleges claims against MCM for the contents of its statements to him during telephone conversations, so whether MCM records conversations is reasonably calculated to lead to the discovery of admissible evidence |
| Interrogatory No. 11 – Identify whether MCM recorded any calls with Plaintiff | Calls for irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence | Plaintiff alleges claims against MCM for the contents of its statements to him during telephone conversations, so whether MCM has any conversations with Plaintiff recorded is reasonably calculated to lead to the discovery of admissible evidence |
| Interrogatory No. 13 – Describe the process by which account was placed or assigned to MCM for collection | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | Plaintiff disputes owing the underlying debt, therefore how this account was assigned to Defendant is reasonably |

| | | calculated to lead to the discovery of admissible evidence |
|---|---|---|
| Interrogatory No. 14 – Identify and describe all documents known to Defendant which is related or contains information about debts being collected from Plaintiff | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | Any document containing information about debts being collected from Plaintiff would be reasonably calculated to lead to the discovery of admissible evidence |
| Interrogatory No. 15 – Each communication between MCM and Plaintiff or MCM with any other person made in connection with the collection of a debt from Plaintiff | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | Any communications between the parties is reasonably calculated to lead to the discovery of admissible evidence |
| Interrogatory No. 19 – Name and address of companies providing local or long distance telephone service for MCM | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | This request is reasonably calculated to lead to the discovery of admissible evidence, as the Plaintiff alleges that MCM called him one (1) to two (2) times a day in its attempts to collect a debt. |
| Interrogatory No. 20 – Local or Long distance telephone numbers used by MCM | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | This request is reasonably calculated to lead to the discovery of admissible evidence, as the Plaintiff alleges that MCM called him one (1) to two (2) times a day in its attempts to collect a debt. Further, this would enable Plaintiff to go through his phone records and identify the calls from MCM |
| Interrogatory No. 21 – Telephone number used by MCM to collect debts for period of three (3) years | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | This request is reasonably calculated to lead to the discovery of admissible evidence, as the Plaintiff alleges that MCM called him one (1) to two (2) times a day in its attempts to collect a debt. Further, this would enable Plaintiff to go through his phone records and identify the calls from MCM |

| *Request No.* | *MCM's Objection* | *Plaintiff's Response* |
|---|---|---|
| Request No. 2 – MCM's Training Materials | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | Documents summarizing, describing, instructing, detailing, or otherwise training any and all of MCM's employees with respect to collection policies; collection procedures; collection methods; collection techniques; collection tactics; collection rules; collection regulations; and compliance with local, state, or federal laws, codes, or regulations appears reasonably calculated to lead to the discovery |

| | | |
|---|---|---|
| | | of admissible evidence, particularly as MCM asserts a bona fide error defense |
| Request No. 3 – Training/Personnel/Instruction Manuals Used by Collectors | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | Any training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or supervised by MCM appears reasonably calculated to lead to the discovery of admissible evidence, particularly as MCM asserts a bona fide error defense |
| Request No. 5 – Collection software manuals and/or instruction guides for computer systems/telephone systems | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | The collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by MCM in collecting debts appears reasonably calculated to lead to the discovery of admissible evidence, particularly as MCM asserts a bona fide error defense |
| Request No. 6 – Documents relating to any lawsuit for past three (3) years | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | The bona fide error defense under 15 U.S.C. § 1692k(c) requires MCM to demonstrate it not only "maintained – i.e. actually employed or implemented- procedures to avoid errors," but also show these procedures were "reasonably adapted to avoid the specific error at issue." This information is necessary to determine whether MCM intentionally employs the tactic of excessive calling and/or whether MCM intentionally attempts to collect amounts not owed in order to properly defend MCM's Affirmative Defense of bona fide error. This information is also relevant to the determination of damages under 15 U.S.C. § 1692k(b) |
| Request No. 7 – Disciplinary notices, performance appraisals, and/or reprimands for Collectors that worked on Plaintiff's account | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | All disciplinary notices, performance appraisals, and/or written or verbal reprimands for each employee of MCM who performed work on Plaintiff's collection account(s) and/or attempted to contact Plaintiff appears reasonably calculated to lead to the discovery of admissible evidence, as it is |

|  |  | relevant to a bona fide error inquiry |
|---|---|---|
| Request No. 8 – Post office box registrations and postage meter permits | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | This information will provide addresses at which Defendant receives mail, |
| Request No. 11 – Contracts between MCM and Original Creditor | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | All contracts between MCM and the original creditor that authorized MCM to collect a debt from Plaintiff appears reasonably calculated to lead to the discovery of admissible evidence, as Plaintiff disputes owing the debt and this request will provide information regarding the underlying debt |
| Request No. 12 – All printouts which include Plaintiff's information | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | All computer printouts, mechanical or other reports, or other devise used to collect a debt from Plaintiff appears reasonably calculated to lead to the discovery of admissible evidence, as it has information related to Plaintiff |
| Request No. 13 – Exemplars of orientation, new hire, or other manuals given to collectors | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | Exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by MCM to collect debts at the commencement of that person's employment, for a period of three (3) years to the present appears reasonably calculated to lead to the discovery of admissible evidence, as it goes to MCM's bona fide error defense |
| Request No. 14 – Documents which describes the method by which MCM ensures its employees do not consumers | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | All documents describing the method by which MCM ensures that its employees, servants, or agents do not harass the individuals from whom they attempt to collect debts appears reasonably calculated to lead to the discovery of admissible evidence, as it goes to MCM's bona fide error defense |
| Request No. 15 – Description or glossary of lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words or data contained in any of the documents produced above | Neither relevant nor reasonably designed to lead to the discovery of admissible evidence | This information is relevant as it will enable Plaintiff to interpret MCM's collection account notes and other documents and obtain relevant information, including the names of the individuals that he spoke with, etc. |

Here, MCM has failed to meet its burden by showing that the requested information is not discoverable.  MCM has not demonstrated that the requested

documents either do not come within the broad scope of relevance[1] defined pursuant to Federal Rule of Civil Procedure 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.  Furthermore, MCM has presented no evidence that the information sought by Plaintiff is privileged or unlikely to lead to the discovery of admissible evidence.  Instead, Plaintiff's ROGS and RPDS seek information which is likely to lead to the discovery of admissible evidence.

Therefore, MCM's objection that Plaintiff's ROGS and RPDS seek information that is neither relevant nor reasonably designed to lead to the discovery of admissible evidence is without merit, and Plaintiff respectfully requests that this Honorable Court compel MCM to fully respond to Plaintiff's ROGS and RPDS.

ii.      ***MCM has not demonstrated that Plaintiff's ROGS or RPDS seek information that is overly broad and unduly burdensome.***

Second, MCM asserts a general objection to ROG Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 15, 19, 20, and 21, and RPD Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15, on the ground that they seek information that is overly broad and unduly burdensome.  "[T]he mere statement by a party that the interrogatory is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory.  On the contrary, the party resisting discovery 'must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'"  Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982).

---

[1]      "As a general matter, relevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action."  U.S. v. Massachusetts Indus. Finance Agency, 162 F.R.D. 140, 414 (D.Mass. 1995) citing Gagne v. Reddy, 104 F.R.D. 454, 456 (D.Mass.1984).  "[R]elevant information includes any matter that is or may become an issue in the litigation."  U.S. v. Massachusetts Indus. Finance Agency, 162 F.R.D. at 414 citing Multi–Core, Inc. v. Southern Water Treatment Co., 139 F.R.D. 262, 264 n. 2 (D.Mass.1991).

The Discovery Requests are listed below, with MCM's Objections and Plaintiff's

Responses:

| *Interrogatory No.* | *MCM's Objection* | *Plaintiff's Response* |
|---|---|---|
| Interrogatory No. 3 – Persons known to MCM to have personal knowledge of facts or issues involved in the lawsuit | Overly broad and unduly burdensome | MCM has not specifically shown how production of the legal names, trade names, fake or alias names, job titles, and business address and telephone number of any person who has personal knowledge of any facts or issues involved in this lawsuit is overly broad and unduly burdensome |
| Interrogatory No. 4 – Identify all collectors that have spoken with Plaintiff | Overly broad and unduly burdensome | MCM has not specifically shown how production of the names of all employees of MCM, including but not limited to collectors who have spoken to Plaintiff and/or a Duncan Judson at any time, their title, address and whether such person(s) are no longer employed by MCM is overly broad and unduly burdensome |
| Interrogatory No. 5 – Identify all training that MCM provides to its employees in the area of debt collection | Overly broad and unduly burdensome | MCM has not specifically shown how production of the identity or description of training content, timing, and duration; all documents and audio or visual materials used in such training; and each person involved in providing such training is overly broad and unduly burdensome. |
| Interrogatory No. 6 – Identify all documents, manuals, instructions, checklists, memorandum, or other documentation given to MCM's employees regarding the collection of debts. | Overly broad and unduly burdensome | MCM has not specifically shown how production of the documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that MCM's employees are given, read, review, or otherwise use, regarding the collection of debts is overly broad and unduly burdensome. |
| Interrogatory No. 7 – Identify MCM's disciplinary policies for violating federal/state debt collection laws | Overly broad and unduly burdensome | MCM has not specifically shown how production of its disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind is overly broad and unduly burdensome |
| Interrogatory No. 8 – Identify and describe all documents which | Overly broad and unduly burdensome | MCM has not specifically shown how identifying documents which |

| | | |
|---|---|---|
| describe, record or establish MCM's methods and techniques used to collect debts | | describe or record its methods and techniques used to collect debts is overly broad and unduly burdensome |
| Interrogatory No. 9 – Describe system that MCM uses/maintains/operates to record any mail, telephone or other communications in its attempts to collect a debt | Overly broad and unduly burdensome | MCM has not specifically shown how production of the identity or description of computerized, mechanical, manual, or other system(s) that MCM uses, maintains, or operates to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and MCM's policies and procedures for operating such a system of records is overly broad and unduly burdensome |
| Interrogatory No. 10 – Identify whether MCM electronically records calls with persons from which it collects debts | Overly broad and unduly burdensome | MCM has not specifically shown how responding to questions about whether it electronically records telephone calls by any means with any persons from whom they are collecting debts or alleged debts, and what steps are taken to preserve these recordings is overly broad and unduly burdensome, particularly when in response to Interrogatory No. 11, it states, "Midland Credit is not aware of the existence of any such recordings at this time." |
| Interrogatory No. 11 – Identify whether MCM recorded any calls with Plaintiff | Overly broad and unduly burdensome | MCM has not shown how identifying whether it recorded any calls with Plaintiff would be unduly burdensome, particularly as when it subsequently responded that it did not record any calls.  MCM is making frivolous and clearly trying to impede Plaintiff from obtaining relevant discovery |
| Interrogatory No. 13 – Describe the process by which account was placed or assigned to MCM for collection | Overly broad and unduly burdensome | MCM has not shown how describing the process by which the account was placed or assigned to it for collection is overly broad and unduly burdensome |
| Interrogatory No. 15 – Each communication between MCM and Plaintiff or MCM with any other person made in connection with the collection of a debt from Plaintiff | Overly broad and unduly burdensome | MCM has not shown how describing the communications between it and Plaintiff or it with any other person made on the collection account is overly broad and unduly burdensome |

| | | |
|---|---|---|
| Interrogatory No. 19 – Name and address of companies providing local or long distance telephone service for MCM | Overly broad and unduly burdensome | MCM has not specifically shown how production of the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to MCM's business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present is overly broad and unduly burdensome |
| Interrogatory No. 20 – Local or Long distance telephone numbers used by MCM | Overly broad and unduly burdensome | MCM has not specifically shown how the identity of every single local or long distance telephone number used by MCM in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present is overly broad and unduly burdensome. |
| Interrogatory No. 23 – State all facts which support Defendant's affirmative defenses | Overly broad and unduly burdensome | MCM has not shown how stating the facts which support its affirmative defenses is overly broad and unduly burdensome |

| Request No. | MCM's Objection | Plaintiff's Response |
|---|---|---|
| Request No. 2 – MCM's Training Materials | Overly broad and unduly burdensome | MCM has not specifically shown how production of documents summarizing, describing, instructing, detailing, or otherwise training any and all of MCM's employees with respect to collection policies; collection procedures; collection methods; collection techniques; collection tactics; collection rules; collection regulations; and compliance with local, state, or federal laws, codes, or regulations is overly broad and unduly burdensome |
| Request No. 3 – Training/Personnel/Instruction Manuals Used by Collectors | Overly broad and unduly burdensome | MCM has not specifically shown how production of training, personnel, or other instruction |

Page 16 of 34

| | | manuals used by any and all collection personnel who are employed by or supervised by MCM is overly broad and unduly burdensome. |
|---|---|---|
| Request No. 4 – Copy of the entire collection file pertaining to Plaintiff | Overly broad and unduly burdensome | MCM has not specifically shown how production of the requested information is overly broad and unduly burdensome |
| Request No. 5 – Collection software manuals and/or instruction guides for computer systems/telephone systems | Overly broad and unduly burdensome | MCM has not specifically shown how production of the collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by MCM in collecting debts is overly broad and unduly burdensome. |
| Request No. 6 – Documents relating to any lawsuit for past three (3) years | Overly broad and unduly burdensome | MCM has not specifically shown how production of the requested information is overly broad and unduly burdensome |
| Request No. 7 – Disciplinary notices, performance appraisals, and/or reprimands for Collectors that worked on Plaintiff's account | Overly broad and unduly burdensome | MCM has not specifically shown how production of all disciplinary notices, performance appraisals, and/or written or verbal reprimands for each employee of MCM who performed work on Plaintiff's collection account(s) and/or attempted to contact Plaintiff is overly broad and unduly burdensome |
| Request No. 8 – Post office box registrations and postage meter permits | Overly broad and unduly burdensome | MCM has not specifically shown how production of the requested information is overly broad and unduly burdensome |
| Request No. 9 – All documents in possession of MCM relevant to the subject matter of this lawsuit | Overly broad and unduly burdensome | MCM has not specifically shown how production of "all documents relevant to the subject matter of this instant lawsuit" would be overly broad and unduly burdensome |
| Request No. 10 – Documents tracking MCM's attempts to collect a debt and/or communications with Plaintiff | Overly broad and unduly burdensome | MCM has not specifically shown how production of all contracts between MCM and the original creditor that authorized MCM to collect a debt from Plaintiff is overly broad and unduly burdensome |
| Request No. 11 – Contracts between MCM and Original Creditor | Overly broad and unduly burdensome | MCM has not specifically shown how production of all contracts between MCM and the original creditor that authorized MCM to |

| | | |
|---|---|---|
| | | collect a debt from Plaintiff is overly broad and unduly burdensome |
| Request No. 12 – All printouts which include Plaintiff's information | Overly broad and unduly burdensome | MCM has not specifically shown how production of the requested information is overly broad and unduly burdensome |
| Request No. 13 – Exemplars of orientation, new hire, or other manuals given to collectors | Overly broad and unduly burdensome | MCM has not specifically shown how production of exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by MCM to collect debts at the commencement of that person's employment, for a period of three (3) years to the present is overly broad and unduly burdensome |
| Request No. 14 – Documents which describes the method by which MCM ensures its employees do not consumers | Overly broad and unduly burdensome | MCM has not specifically shown how production of all documents describing the method by which Defendant ensures that its employees, servants, or agents do not harass the individuals from whom they attempt to collect debts is overly broad and unduly burdensome |
| Request No. 15 – Description or glossary of lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words or data contained in any of the documents produced above | Overly broad and unduly burdensome | MCM has not specifically shown how production of a plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced by MCM is overly broad and unduly burdensome. |

Again, MCM has failed to meet its burden by showing that the requested information is not discoverable, as MCM has solely made general objections, but has not specifically shown how any of the information sought by Plaintiff is overly broad, or how its production would be unduly burdensome. Therefore, MCM's objection that Plaintiff's ROGS and RPDS seek information that is overly broad and unduly burdensome is without merit, and Plaintiff respectfully requests that this Honorable Court compel MCM to fully respond to Plaintiff's ROGS and RPDS.

### iii. *MCM has not demonstrated that Plaintiff's ROGS or RPDS contain terms that are vague, ambiguous and undefined.*

Third, MCM asserts a general objection to ROG Nos. 3, 5, 6, 7, 9, 10, 12, 15, 19 and 20, and RPDS Nos. 2, 3, 5, 6, 7, 8, 11, 12, 13, and 15, on the ground that they contain terms that are vague, ambiguous and undefined.  "So long as the requests "are not so vague as to 'defy comprehension,' Defendant must respond to them because objections based on vagueness and ambiguity will not stand."  Barton v. RCI, LLC, CIV.A. 10-3657 PGS, 2013 WL 1338235 (D.N.J. Apr. 1, 2013).

The Discovery Requests are listed below, with MCM's Objections and Plaintiff's Responses:

| *Interrogatory No.* | *MCM's Objection* | *Plaintiff's Response* |
|---|---|---|
| Interrogatory No. 3 – Persons known to MCM to have personal knowledge of facts or issues involved in the lawsuit | The phrases 'DBAs, fake, or alias name(s) used' and 'personal knowledge' are vague, ambiguous, and undefined | The phrases "DBAs, fake, or alias name(s) used" and "personal knowledge" are not so vague or ambiguous as to "defy comprehension" |
| Interrogatory No. 5 – Identify all training that MCM provides to its employees in the area of debt collection | The term "training" and the phrase "debt collection activities" are vague, ambiguous and undefined | MCM has failed to allege any reason whatsoever that the term "training" and the phrase "debt collection activities" are not so vague or ambiguous as to "defy comprehension.  Further, these are terms that have a commonly used in the debt collection industry |
| Interrogatory No. 6 – Identify all documents, manuals, instructions, checklists, memorandum, or other documentation given to MCM's employees regarding the collection of debts. | The terms 'manuals', 'instructions', 'checklists', 'memorandum' and 'restrictions' are vague, ambiguous and undefined | MCM has failed to allege any reason whatsoever that the terms 'manuals', 'instructions', 'checklists', 'memorandum' and 'restrictions' are not so vague or ambiguous as to "defy comprehension."    Further, these are terms that have a commonly used in the debt collection industry |
| Interrogatory No. 7 – Identify MCM's disciplinary policies for violating federal/state debt collection laws | The phrases "disciplinary policy/policies," "debts of any kind," "violating state and federal debt collection laws," and "violating other state or federal laws" are vague, ambiguous and undefined | MCM has not demonstrated how the phrases "disciplinary policy/policies," "debts of any kind," "violating state and federal debt collection laws," and "violating other state or federal laws" are so vague or |

| | | ambiguous as to "defy comprehension," particularly as these words have a commonly understood meaning |
|---|---|---|
| Interrogatory No. 8 – Identify and describe all documents which describe, record or establish MCM's methods and techniques used to collect debts | The terms "methods" and "techniques" are vague, ambiguous, and undefined | The phrases "disciplinary policy/policies," "debts of any kind," "violating state and federal debt collection laws," and "violating other state or federal laws" are not so vague or ambiguous as to "defy comprehension" |
| Interrogatory No. 9 – Describe system that MCM uses/maintains/operates to record any mail, telephone or other communications in its attempts to collect a debt | The phrases 'computerized, mechanical, manual, or other system(s),' 'system of records,' 'other forms of communications,' 'in connection with the collection of accounts' and the term 'maintain' are all vague, ambiguous and undefined | The phrases disciplinary policy/policies," "debts of any kind," "violating state and federal debt collection laws," and "violating other state or federal laws" are not so vague or ambiguous as to "defy comprehension" |
| Interrogatory No. 10 – Identify whether MCM electronically records calls with persons from which it collects debts | MCM objects to the extent the phrases "electronically records" and "any persons from whom they are collecting debts or alleged debts" are vague, ambiguous and undefined | The phrases "electronically records" and "any persons from whom they are collecting debts or alleged debts" are not so vague or ambiguous as to "defy comprehension" |
| Interrogatory No. 12 – Identify all account MCM was trying to collect from Plaintiff | The terms "original creditor" and "alleged debt" are vague, ambiguous and undefined | The terms "original creditor" and "alleged debt" are not so vague or ambiguous as to "defy comprehension," as the FDCPA uses the term "original creditor" and defines "debt" |
| Interrogatory No. 15 – Each communication between MCM and Plaintiff or MCM with any other person made in connection with the collection of a debt from Plaintiff | The terms 'communication,' 'Plaintiff's debt,' 'initiating communication' and 'collection notes' are vague, ambiguous and undefined | The phrases "disciplinary policy/policies," "debts of any kind," "violating state and federal debt collection laws," and "violating other state or federal laws" are not so vague or ambiguous as to "defy comprehension" |
| Interrogatory No. 19 – Name and address of companies providing local or long distance telephone service for MCM | The terms 'account numbers' and 'long distance service provider' are vague, ambiguous and undefined | The terms "account numbers" and "long distance service provider" are not so vague or ambiguous as to "defy comprehension" |
| Interrogatory No. 20 – Local or Long distance telephone numbers used by MCM | The terms 'account numbers' and 'long distance service provider' are vague, ambiguous and undefined | The terms "account numbers" and "long distance service provider" are not so vague or ambiguous as to "defy comprehension" |

| Request No. | MCM's Objection | Plaintiff's Response |
|---|---|---|
| Request No. 2 – MCM's Training | Terms "training", "collection | The terms "training", "collection |

| Materials | policies," "collection procedures", "collection methods", "collection techniques", "collection tactics", "collection rules" and "collection regulations" are vague, ambiguous and undefined. | policies", "collection procedures", "collection methods", "collection techniques", "collection tactics", "collection rules" and "collection regulations" are not so vague or ambiguous as to "defy comprehension," as these are terms commonly used in the debt collection industry. |
|---|---|---|
| Request No. 3 – Training/Personnel/Instruction Manuals Used by Collectors | The phrase "training, personnel, or other instruction manuals" is vague, ambiguous and undefined. The term "collection personnel" is vague, ambiguous and undefined | The phrases/terms "training, personnel, or other instruction manuals" and "collection personnel" are not so vague or ambiguous as to "defy comprehension" as these are terms commonly used in the debt collection industry. |
| Request No. 5 – Collection software manuals and/or instruction guides for computer systems/telephone systems | The terms 'collection software manuals and/or instruction guides,' 'computer system,' 'software package,' 'software system,' 'telephone system,' 'electronic device' and 'non-electronic device' are vague, ambiguous and undefined | Here, the terms "collection software manuals and/or instruction guides," "computer system," "software package," "software system," "telephone system," "electronic device" and "non-electronic device" are not so vague or ambiguous as to "defy comprehension" as these are common terms and MCM has made no effort to respond to this request |
| Request No. 6 – Documents relating to any lawsuit for past three (3) years | The terms 'legal claims,' 'equitable claims,' 'regulatory complaints,' 'regulatory reports' and 'debt collection activities' are vague, ambiguous and undefined" | The terms 'legal claims,' 'equitable claims,' 'regulatory complaints,' 'regulatory reports' and 'debt collection activities' are not so vague or ambiguous as to "defy comprehension" as these are common terms |
| Request No. 7 – Disciplinary notices, performance appraisals, and/or reprimands for Collectors that worked on Plaintiff's account | The terms 'disciplinary notices,' 'performance appraisals,' 'written or verbal reprimands,' and 'each employee of Defendant who performed work on Plaintiff's collection account(s) and/or attempted to contact Plaintiff' are vague, ambiguous and undefined | The terms "disciplinary notices," "performance appraisals," "written or verbal reprimands," and "each employee of Defendant who performed work on Plaintiff's collection account(s) and/or attempted to contact Plaintiff" are not so vague or ambiguous as to "defy comprehension", as these are common terms used in the workplace |
| Request No. 8 – Post office box registrations and postage meter permits | The terms 'post office box registrations,' and 'postage meter permits' are vague, ambiguous and undefined | The terms are not so vague or ambiguous as to "defy comprehension" as these are common terms |
| Request No. 11 – Contracts between MCM and Original Creditor | The term "debt" is vague, ambiguous, and undefined | The term is not so vague or ambiguous as to "defy comprehension" as this is |

| | | common terms and defined under the FDCPA |
|---|---|---|
| Request No. 12 – All printouts which include Plaintiff's information | This Request is vague and ambiguous. The terms "computer system", "software package", "software system", and "electronic or non-electronic device used in any manner by Defendant" are vague, ambiguous, and undefined | The terms computer system", "software package", "software system", and "electronic or non-electronic device used in any manner by Defendant" are not so vague or ambiguous as to "defy comprehension" |
| Request No. 13 – Exemplars of orientation, new hire, or other manuals given to collectors | The terms 'orientation,' 'new hire,' and 'other manual' are vague, ambiguous, and undefined | The terms "orientation," "new hire," and "other manual" are not so vague or ambiguous as to "defy comprehension" |
| Request No. 15 – Description or glossary of lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words or data contained in any of the documents produced above | The terms 'glossary,' 'lists,' 'legends,' 'codes,' 'abbreviations,' 'collector initials,' and 'other non-obvious terms' are vague, ambiguous, and undefined | The terms "glossary," "lists," "legends," "codes," "abbreviations," "collector initials," and "other non-obvious terms" are not so vague or ambiguous as to "defy comprehension" |

MCM has failed to meet its burden by showing that the requested information is not discoverable. MCM has not specifically shown how any of the terms used by Plaintiff in his Interrogatories or Requests are so vague or ambiguous as to defy comprehension. Therefore, MCM's objection that Plaintiff's ROGS and RPDS contain terms that are vague, ambiguous and undefined is without merit, and Plaintiff respectfully requests that this Honorable Court compel MCM to fully respond to Plaintiff's ROGS and RPDS.

### iv.   *MCM has not demonstrated that Plaintiff's ROGS or RPDS seek information that is protected by the attorney-client privilege.*

Fourth, MCM asserts a general objection to ROG Nos. 1, 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23, and RPD Nos. 1, 2, 3, 4, 6, 7, 8, 9, 10, 12, 13, 14, 16 and 17, on the ground that they contain information that is protected by the attorney-client privilege.  When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation

material, the party must: (i) expressly make the claim; and (ii) describe the nature of the

documents, communications, or tangible things not produced or disclosed--and do so in a

manner that, without revealing information itself privileged or protected, will enable

other parties to assess the claim.  Fed. R. Civ. P. 26(b)(5)(a).

The Discovery Requests are listed below, with MCM's Objections and Plaintiff's

Responses:

| *Interrogatory No.* | *MCM's Objection* | *Plaintiff's Response* |
|---|---|---|
| Interrogatory No. 1 – Provide the name, address and job title of each person that answered or provided information used by MCM to answer the ROGS | This Interrogatory seeks information protected by attorney-client privilege and/or attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 2 – Identify each document referred or consulted by MCM in preparation of Answers to ROGS | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 3 – Persons known to MCM to have personal knowledge of facts or issues involved in the lawsuit | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 4 – Names of all employees of MCM that spoke with Plaintiff | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 5 – Identify all training that MCM provides to its employees in the area of debt collection | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |

| | | |
|---|---|---|
| Interrogatory No. 6 – Identify all documents, manuals, instructions, checklists, memorandum, or other documentation given to MCM's employees regarding the collection of debts. | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 7 – Identify MCM's disciplinary policies for violating federal/state debt collection laws | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 8 – Identify and describe all documents which describe, record or establish MCM's methods and techniques used to collect debts | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 13 – Describe the process by which any and all debts allegedly owed by Plaintiff were placed with MCM for collection | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 14 – Identify and describe each document known to MCM that contains information about any and all debts being collected from Plaintiff | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 15 – Each communication between MCM and Plaintiff or MCM with any other person made in connection with the collection of a debt from Plaintiff | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 16 – The name, address, telephone number, title, and field of expertise of each person MCM intends to call as an expert | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |

| | | |
|---|---|---|
| Interrogatory No. 17 – The name, address, and telephone number of all witnesses Defendant intends or may call at trial | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 18 – Identify and describe all exhibits MCM may introduce at trial in this matter | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 19 – Name and address of companies providing local or long distance telephone service for MCM | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 20 – Local or Long distance telephone numbers used by MCM | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 21 – Each telephone number used by MCM in the past three (3) years | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 22 – Identify any statements MCM received from an employee about the matters set forth in Plaintiff's Complaint | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 23 – State all facts which support MCM's affirmative defenses | This Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |

| Request No. | MCM's Objection | Plaintiff's Response |
|---|---|---|
| Request No. 1 – All documents identified in Response to all sets of Plaintiff's Interrogatories and Requests for Statements | This Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 2 – MCM's Training Materials | This Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 3 – Training/Personnel/Instruction Manuals Used by Collectors | This Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 4 – Complete copy of collection file pertaining to Plaintiff | This Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 6 – Documents relating to any lawsuit for past three (3) years | This Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 7 – Disciplinary notices, performance appraisals, and/or reprimands for Collectors that worked on Plaintiff's account | This Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 8 – Post office box registrations and postage meter permits | This Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, |

| | | which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
|---|---|---|
| Request No. 9 – Any and all documents in the possession or control of MCM relevant to the subject matter of the instant lawsuit | This Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 10 – All documents recording, documenting, or otherwise tracking Defendant's attempts to collect any debt from Plaintiff | This Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 12 – All printouts which include Plaintiff's information | This Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 13 – Exemplars of orientation, new hire, or other manuals given to collectors | This Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 14 – Documents which describes the method by which MCM ensures its employees do not consumers | This Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 16 – All documents that support MCM's affirmative defenses | This Request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |

"The party claiming the protection of a privilege bears the burden of demonstrating, by a fair preponderance of the evidence, not only that the privilege

applies, but also that it has not been waived." In re New England Compounding Pharmacy, Inc., 2013 WL 6058483 *11 (D.MA. November 13, 2013) citing In re Keeper of the Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003); see also Horace Mann Ins. Co. v. Nationwide Mutual Ins. Co., 240 F.R.D. 44, 47 (D.Conn.2007); In re Application for Subpoena to Kroll, 224 F.R.D. 326, 328 (E.D.N.Y.2004).  "Whatever quantum of proof is necessary to satisfy this obligation, a blanket assertion of privilege is generally insufficient." Id., citing In re Grand Jury Subpoena (Mr. S.), 662 F.3d 65, 71 (1st Cir.2011) (citations omitted); see also Horace Mann Ins. Co., 240 F.R.D. at 47 ("That burden cannot be met by mere conclusory or ipse dixit assertions in unsworn motion papers authored by attorneys.").  "The 'universally accepted means' of claiming that documents are privileged is the production of a privilege log." Id., citing In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir.2001). Here, MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged.  Consequently, Defendant is not in compliance with Fed. R. Civ. P. 26(b)(5)(a).   Therefore, MCM's objections that Plaintiff's ROGS and RPDS seek information that is protected by the attorney-client privilege are improper, and Plaintiff respectfully requests that this Honorable Court compel MCM to fully respond to Plaintiff's ROGS and RPDS.

       **v.**     ***MCM has not demonstrated that Plaintiff's ROGS or RPDS seek information which is confidential, proprietary and constitutes trade secrets.***

Fifth, MCM asserts a general objection to ROG Nos. 2, 5, 6, 7, 8, 9, 10, 11, 13, 14, 19, 20, and 21, and RPD Nos. 2, 3, 5, 6, 7, 11, 13, 14, and 15, on the ground that they

seek information which is confidential, proprietary and constitute trade secrets. "It is well established that trade secrets are not absolutely privileged from discovery in litigation." Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co., 107 F.R.D. 288, 292 (D. Del. 1985). In order to resist discovery of a trade secret, a party must first demonstrate by competent evidence that the information sought through discovery is a trade secret and that disclosure of the secret might be harmful. Id.

The Discovery Requests are listed below, with MCM's Objections and Plaintiff's Responses:

| *Interrogatory No.* | *MCM's Objection* | *Plaintiff's Response* |
|---|---|---|
| Interrogatory No. 2 – Identify each document referred or consulted by MCM in preparation of Answers to ROGS | Requests information which is confidential, proprietary and constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 5 – Identify all training that MCM provides to its employees in the area of debt collection | Requests information which is confidential, proprietary and constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 6 – Identify all documents, manuals, instructions, checklists, memorandum, or other documentation given to MCM's employees regarding the collection of debts. | Requests information which is confidential, proprietary and constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 7 – Identify MCM's disciplinary policies for violating federal/state debt collection laws | Requests information which is confidential, proprietary and constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 8 – Identify and describe all documents which describe, record or establish | Requests information which is confidential, proprietary and constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, |

| | | |
|---|---|---|
| MCM's methods and techniques used to collect debts | | communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 9 – Describe system that MCM uses/maintains/operates to record any mail, telephone or other communications in its attempts to collect a debt | Requests information which is confidential, proprietary and constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 10 – Identify whether MCM electronically records calls with persons from which it collects debts | Requests information which is confidential, proprietary and constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 11 – Identify whether MCM recorded any telephone calls with Plaintiff | Requests information which is confidential, proprietary and constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 13 – Describe the process by which any and all debts allegedly owed by Plaintiff were placed with MCM for collection | Seeks the production of privileged, confidential, proprietary and/or personal information concerning or related to MCM and/or individuals and entities that are not parties to the above-captioned litigation | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 14 – Identify and describe each document known to MCM that contains information about any and all debts being collected from Plaintiff | Seeks the production of privileged, confidential, proprietary and/or personal information concerning or related to MCM and/or individuals and entities that are not parties to the above-captioned litigation | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 19 – Name and address of companies providing local or long distance telephone service for MCM | Requests information which is confidential, proprietary and constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 20 – Local or Long distance telephone numbers | Requests information which is confidential, proprietary and | MCM has not provided a privilege log or described the |

| | | |
|---|---|---|
| used by MCM | constitutes trade secrets | nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Interrogatory No. 21 – Each telephone number used by MCM in the past three (3) years | Requests information which is confidential, proprietary and constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |

| *Request No.* | *MCM's Objection* | *Plaintiff's Response* |
|---|---|---|
| Request No. 2 – MCM's Training Materials | Request seeks information which is confidential, proprietary, and/or contain information which constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 3 – Training/Personnel/Instruction Manuals Used by Collectors | Request seeks information which is confidential, proprietary, and/or contain information which constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 5 – Collection software manuals and/or instruction guides for computer systems/telephone systems | Request seeks information which is confidential, proprietary, and/or contain information which constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 6 – Documents relating to any lawsuit for past three (3) years | Request seeks confidential or protected personnel information, and seeks to invade the privacy of persons who are not parties to this litigation. | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 7 – Disciplinary notices, performance appraisals, and/or reprimands for Collectors that worked on Plaintiff's account | Request seeks confidential or protected personnel information, and seeks to invade the privacy of persons who are not parties to this litigation. Request seeks documents which are confidential, proprietary, and/or | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the |

| | contain information which constitutes trade secrets | information sought is privileged |
|---|---|---|
| Request No. 11 – Contracts between MCM and Original Creditor | Request seeks information which is confidential, proprietary, and/or contain information which constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 13 – Exemplars of orientation, new hire, or other manuals given to collectors | Request seeks information which is confidential, proprietary, and/or contain information which constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 14 – Documents which describes the method by which MCM ensures its employees do not consumers | Request seeks information which is confidential, proprietary, and/or contain information which constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |
| Request No. 15 – Description or glossary of lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words or data contained in any of the documents produced above | Request seeks documents which are confidential, proprietary, and/or contain information which constitutes trade secrets | MCM has not provided a privilege log or described the nature of the documents, communications, or tangible things not produced or disclosed, which would enable Plaintiff to assess MCM's claim that the information sought is privileged |

Once again, MCM has failed to meet its burden by showing that the requested information is not discoverable. MCM has not demonstrated that the requested documents either do not come within the broad scope of relevance defined pursuant to Federal Rule of Civil Procedure 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. Furthermore, MCM has failed to demonstrate by competent evidence that any of the information being sought by Plaintiff is a trade secret, and that disclosure of the secret might be harmful. Therefore, MCM's objection that Plaintiff's

ROGS and RPDS seek information which is confidential, proprietary and constitute trade secrets is without merit, and Plaintiff respectfully requests that this Honorable Court compel MCM to fully respond to Plaintiff's ROGS and RPDS.

**C.**   **Plaintiff's request for the production of MCM's training manuals is relevant to MCM's affirmative defense of bona fide error.**

The bona fide error defense under 15 U.S.C. § 1692k(b) requires a defendant to demonstrate that it not only "maintained - i.e. actually employed or implemented - procedures to avoid errors," but also show that these procedures were "reasonably adapted to avoid the specific error at issue."   See Johnson v. Riddle, 443 F.3d 723,729 (10th Cir. 2006).  Plaintiff must have access to the training materials used by MCM in order to determine whether it is properly asserting the bona fide error defense. Furthermore, "[i]n determining the amount of liability in any action under subsection (a) of [§ 1692k of the FDCPA], the court shall consider, among other relevant factors…, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. Accordingly, MCM must produce its training manuals as they are relevant to the determination of damages under § 1692k(b).

**D.**   **MFL's general objections are not sufficient to satisfy its burden of showing that the information requested by Plaintiff is not discoverable.**

MFL asserts the same general objections as MCM in its responses to Plaintiff's RPDS.  Specifically, Plaintiff objects to MFL's responses to RPD Nos. 4, 6, 7 and 9.  For the reasons set forth above, these general objections are insufficient to show that the

requested information is not discoverable. Accordingly, MFL should be ordered to properly respond to Plaintiff's RPD Nos. 4, 6, 7 and 9.

## IV.    CONCLUSION

For the foregoing reasons, Defendants have failed to meet their burden by showing that the requested documents either do not come within the broad scope of relevance defined pursuant to Federal Rule of Civil Procedure 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. Consequently, Plaintiff requests that this Honorable Court issue an Order: (1) Compelling Defendants to fully and completely respond to Plaintiff's Interrogatories and Requests for Production of Documents; and (2) that Defendants pay Plaintiff's attorney fees and costs incurred for bringing this Motion to Compel.

RESPECTFULLY SUBMITTED,

Date:   June 20, 2014

/s/ Craig Thor Kimmel
Craig Thor Kimmel
BBO# 662924
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 778-2864
Email: kimmel@creditlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Midland Credit Management, Inc. and Midland Funding, LLC through their attorneys of record, Christopher J. Seusing and William T. Bogaert, by mail on June 20, 2014.

/s/ Craig Thor Kimmel
CRAIG THOR KIMMEL