UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUNCAN JUDSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No.: 1:13-cv-11435-TSH |
| | ) |
| MIDLAND CREDIT | ) |
| MANAGEMENT, INC. AND | ) |
| MIDLAND FUNDING, LLC, | ) |
| | ) |
| Defendants | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO EXTEND TIME
TO COMPLETE DISCOVERY**

COMES NOW Plaintiff, DUNCAN JUDSON, by and through his attorney, Craig Thor Kimmel, Kimmel & Silverman, P.C., and respectfully submits this Memorandum of Law in Support of his Motion to Extend Time to Complete Discovery.

**I.     FACTUAL BACKGROUND**

On November 19, 2013, this Honorable Court issued a Scheduling Order setting the discovery deadline for March 28, 2014.  On December 9, 2013, Plaintiff propounded Interrogatories and Requests for Document Production on Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("Midland") (collectively, "Defendants"). Defendants' responses were due on or before January 9, 2014.  On January 9, 2014, Defendants requested a one week extension to respond to Plaintiff's discovery requests, which Plaintiff granted.  The new deadline for Defendants to respond to Plaintiff's discovery requests was January 16, 2014.

Plaintiff received Defendants' responses to his Request for Document Production on January 17, 2014. Plaintiff received MCM's responses to his Interrogatories on January 29, 2014. On January 31, 2014, Plaintiff received supplemental document production from Defendants. In reviewing Defendants' discovery responses, Plaintiff observed that Defendants objected to each discovery request, setting forth generalized objections and providing no complete responses. Further, Defendants claimed that they would make documents available for inspection, but have not done so; rather, it produced redacted account notes and a letter sent to Plaintiff. Defendants are in possession of other relevant and responsive documents.

On January 31, 2014, Plaintiff sent its first deposition notice for MCM's corporate representative, scheduling the deposition for February 13, 2014. Thereafter, on February 12, 2014, Plaintiff sent a second deposition notice for MCM's corporate representative, moving the deposition for March 14, 2014, to provide MCM thirty (30) days as the deposition notice included a request for the corporate representative to bring documents. On February 28, 2014, Plaintiff mailed, via certified mail, a subpoena directed to Sprint Corporation to obtain Plaintiff's cellular telephone records. Because Defendants had not fully responded to discovery or produced all relevant documents, the March 14, 2014, deposition of MCM's corporate representative had to be cancelled. Then, on March 24, 2014, Plaintiff received his cellular telephone records, but was unable to review the records to identify the calls from MCM, as MCM would not provide the numbers that it uses to make collection calls.

Because discovery had not been completed, on March 25, 2014, the parties filed a Joint Motion for Extension of Time to Extend Deadlines. On April 1, 2014, this

Honorable Court granted the Motion for Extension of Time to Extend Deadlines, and the new deadline to complete discovery was June 27, 2014. Because Defendants refused to produce documentation regarding the underlying debt, on May 2, 2014, Plaintiff faxed a subpoena to Verizon New England, Inc. to obtain documents related to the underlying debt. Throughout this time, the undersigned's firm followed-up with counsel for Defendant, both through email and over the phone, to try to resolve the discovery dispute and obtain the relevant documents.

Then, on May 5, 2014, Plaintiff sent written correspondence, via mail and electronic mail, to Defendants regarding the discovery deficiencies and requesting a conference, prior to filing a Motion to Compel. Thereafter, on May 6, 2014, Plaintiff sent his third deposition notice for MCM's corporate representative, noticing the deposition for May 28, 2014. Once again, the deposition had to be rescheduled because Defendant's corporate representative was unavailable. In the meantime, counsel for the parties had a telephone conference to discuss the discovery dispute, but were unable to resolve the dispute.

Then, on June 18, 2014, following three prior notices, Plaintiff sent a fourth deposition notice to MCM, seeking to take the deposition of MCM's corporate representative on June 26, 2014. On that same day, Plaintiff received a letter from Defendants' counsel objecting to each area of inquiry of deposition notice, as well as each document request, setting forth generalized, form objections. Seeing that Defendants were unwilling to allow Plaintiff to conduct any discovery – written or through deposition - on June 20, 2014, Plaintiff filed a Motion to Compel Full and

Complete Responses to his Interrogatories and Requests for Document Production. On that same day, Defendants noticed a deposition for Plaintiff on June 27, 2014.

Plaintiff has is out-of-state and is unable to attend a deposition with a week's notice. In the meantime, Defendants' counsel advised that MCM's corporate representative was unavailable for deposition on June 26, 2014. Further, on June 24, 2014, Plaintiff contacted the Verizon Legal Compliance Center by telephone to follow up on Plaintiff's subpoena for account records related to the underlying debt. Also, on June 24, 2014, Plaintiff sent a letter to MCM, responding to its objections to Plaintiff's June 18, 2014, deposition notice.

Today, June 26, 2014, Plaintiff was advised by Verizon that it is no longer in possession of any documents related to the underlying account, as the account was sold to MCM. Now, Plaintiff can only obtain information related to the account from Defendants, and Defendants have refused to provide him any information related to the underlying debt.

Clearly, Plaintiff has been met with resistance from Defendants over the past five (5) months while he has sought to obtain that information in possession of Defendants related to the collection account and this lawsuit. Accordingly, Plaintiff respectfully requests that this Honorable Court grant another forty-five (45) day extension of the discovery deadline to allow discovery to be completed.

## II. ARGUMENT

It is in the Court's discretion to modify its scheduling order, and extend discovery deadlines upon a showing of good cause. See Fed. R. Civ. P. 16(b); D. Mass. Loc. R. 16.1(G). Courts have wide discretion in determining what constitutes good cause for

modification of a scheduling order.  See Fed. R. Civ. P. 16 Advisory Committee Notes, Subdivision (b) (1983 Amendment).  Good cause is found when the moving party is unable to reasonably meet the schedule despite its diligence.  Id.  In Sigros v. Walt Disney World Co., the plaintiffs argued that they had shown good cause to modify the court's scheduling order because, in relevant part, discovery to that point had led to outstanding issues, such as documents not produced by the defendant and incomplete information.  190 F. Supp. 2d 165, 169 (D. Mass. 2002).  In allowing the plaintiffs' motion to continue discovery, the court stated:

> The plaintiffs have demonstrated good cause for extending the discovery deadline. The motion to continue was timely filed and identified outstanding issues that would likely create the need for further discovery. There is nothing in the record indicating that the plaintiffs' need for an extension arises from any lack of diligence on their part.

Id.

Here, Plaintiff's Motion to Extend Time to Complete Discovery was timely filed.  Furthermore, Plaintiff has identified issues necessitating the need for further discovery, such as Defendants' failure to provide complete discovery responses and Plaintiff's inability to depose Defendant MCM's corporate representative.  Plaintiff has diligently attempted to complete his discovery in every way possible.  Plaintiff served written discovery and deposition notices on Defendants at the very beginning of discovery, yet Defendants continuously failed to fully respond and produce relevant and responsive answers and documents.  Further, Defendants' continued failure to produce full and complete discovery responses has forced Plaintiff to file his Motion to Compel.  As of the date of the filing of this Motion to Extend Time to Complete Discovery, Plaintiff has not received full and complete discovery responses, including relevant account notes,

documents related to the underlying debt, and Defendant's collection policies and procedures.

Finally, Plaintiff has been forced to reschedule depositions multiple times because of Defendants' inadequate discovery responses and the alleged unavailability of MCM's corporate representative. The information responsive to Plaintiff's written discovery requests is critical to Plaintiff's ability to effectively depose Defendants as well as to identify individuals with relevant knowledge of the matters set forth in Plaintiff's Complaint. Without an extension of the discovery deadline, Plaintiff's opportunity to depose MCM's corporate representative and other individuals with relevant knowledge would be precluded, as well as to obtain information relevant to this case and responsive to his discovery requests, would be denied.

Accordingly, Plaintiff respectfully requests that this Honorable Court grant another forty-five (45) day extension of the discovery deadline so that Plaintiff can depose MCM's corporate representative and other individuals with knowledge and information relevant to this instant matter, as well as obtain full and complete responses to his discovery requests and all relevant documents. An extension of the discovery deadline is appropriate in this case because Plaintiff has shown good cause.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court amend its scheduling order, and grant him a forty-five (45) day extension to complete discovery.

RESPECTFULLY SUBMITTED,

Date:   June 26, 2014               By:*/s/ Craig Thor Kimmel*
                                    Craig Thor Kimmel
                                    Attorney ID # 57100
                                    Kimmel & Silverman, P.C.
                                    30 E. Butler Pike
                                    Ambler, PA 19002
                                    Phone: (215) 540-8888
                                    Fax: 877-788-2864
                                    Email: kimmel@creditlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Midland Credit Management, Inc. and Midland Funding, LLC through their attorneys of record, Christopher J. Seusing and William T. Bogaert, by mail on June 26, 2014.

/s/ Craig Thor Kimmel
CRAIG THOR KIMMEL