UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUNCAN JUDSON,<br>          Plaintiff,<br><br>    v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br>and MIDLAND FUNDING, LLC,<br>          Defendants. | CIVIL ACTION<br>NO. 13-11435-TSH |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

### August 1, 2014

Hennessy, M.J.

Pursuant to 28 U.S.C. § 636(b)(1)(A), by Order of Reference (Docket #34), this matter was referred to me for a ruling on Plaintiff Duncan Judson's Motion to Compel Full and Complete Responses to Interrogatories and Requests for Production of Documents by Defendants (Docket #30).[1] Defendants Midland Credit Management, Inc. and Midland Funding, LLC (collectively "Midland") have filed an opposition, which includes a request for the award of Midland's costs incurred in responding to Judson's "harassing discovery practice including opposing the [motion to compel]." (Docket #33).[2] This matter is now ripe for adjudication. For

---

[1] Without seeking leave of Court, Judson filed a thirty-four page memorandum of law (Docket #32) in violation of L.R. 7.1(B)(4), which limits supporting memoranda to twenty pages. This Court requires strict compliance with the Local Rules of the United States District Court for Massachusetts. Notwithstanding, to facilitate a speedy and just resolution of this matter, see Fed. R. Civ. P. 1, this Court has considered all thirty-four pages of Judson's memorandum. Counsel for Judson is advised to comply with the Local Rules of this Court, or face the penalties prescribed therein.

[2] Although Counsel for Judson recounts in some detail his efforts to resolve the matters that are the subject of this motion, the motion does not include a L.R. 7.1(A)(2) certification, to wit: "No motion shall be filed unless counsel certify that they have conferred and have attempted in good

the reasons that follow, the Motion to Compel Discovery is GRANTED IN PART AND DENIED IN PART as is set forth below.

Pursuant to Fed. R. Civ. P. 26(b)(1), the parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." If an objection as to the relevance of discovery is raised, the court may "become involved to determine whether the discovery is relevant to the claims or defenses." In re Subpoena to Witzel, 531 F.3d 113, 118 (1st Cir. 2008) (quoting Fed. R. Civ. P. 26(b)(1)). In this regard, Rule 26(b)(1) "vests the trial judge with broad discretion to tailor discovery narrowly." See Cutter v. HealthMarkets, Inc., No. 10-11488-JLT, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) (quoting Crawford-El v. Britton, 523 U.S. 574, 598 (1998)). In relevant part, Rule 26 mandates that a court limit discovery allowed by Rule 26 and other rules of discovery, if the court "determines that … the burden or expense of the proposed discovery outweighs is likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." The party seeking discovery to which an adversary has objected, bears the burden of showing relevance. Cutter, 2011 WL 613703, at *2 (quoting Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D. N.H. 2005)).[3]

Here, Defendants have proffered a credible evidentiary basis -- the billing records for Judson's telephone obtained from Sprint by way of a third party subpoena -- to believe that,

---

faith to resolve or narrow the issues." The Court is prepared to invoke the penalties prescribed in the Local Rules for disregard of them.

[3] Plaintiff mischaracterizes this burden in his memorandum. His citation to Trask v. Olin Corp., 2014 WL 836154 (W.D. Pa. March 4, 2014), inexplicably omits that the burden on a party resisting discovery is triggered only if a "party moving to compel [meets] the initial burden of proving the relevance of the requested information." Id., at *19.

contrary to the allegations in the complaint, Judson was contacted on only some three occasions. Moreover, Defendants recount communications with Plaintiff's counsel which indicate that the parties have engaged in settlement negotiations whereby this matter would be settled for less than $5,000.

The Court, having considered this record, the principles articulated above, and the papers in support and in opposition to the motion to compel, ORDERS as follows:

JUDSON'S MOTION IS <u>GRANTED</u> WITH RESPECT TO:

    Document Request Nos. 1, 4, 9, 10, 12, 16

    Document Request No. 7 (limited to disciplinary notices, performance appraisals and/or reprimands if issued or generated in connection with attempts to collect from Plaintiff)

    Interrogatory Nos. 1, 2, 3, 4, 11, 12, 14, 15, 16, 17, 18, 22

    Interrogatory Nos. 19, 20, 21 (limit answers to timeframe of 12/01/12 – 3/31/13)

JUDSON'S MOTION IS <u>DENIED</u> WITH RESPECT TO:

    Document Request Nos. 2, 3, 5, 6, 8, 11, 13, 14, 15

    Interrogatory Nos. 5, 6, 7, 8, 9, 10, 13, 19, 23

Further, based on the arguments made in the papers, the parties are reminded that a party is only required to produce documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Midland correctly argues that it cannot produce documents that it does not have or that do not exist. And, with respect to redacted or withheld information, if any party withholds information otherwise discoverable on the basis of privilege or that it is subject to protection as trial-preparation material, then that party must comply with Fed. R. Civ. P. 26(b)(5)(A). In this case, Midland persuasively argues that it cannot produce documents that relate to phone numbers

which have not been identified as connected with Judson. For documents containing information unrelated to phone numbers connected with Judson, Midland's privilege log should include a description of the redacted information as required by Fed. R. Civ. P. 26(b)(5)(A)(ii).

Lastly, the Court DENIES Midland's request that the Court award costs in responding to Judson's motion to compel.

## CONCLUSION

For the foregoing reasons, the Motion to Compel Discovery (Docket #30) is GRANTED IN PART and DENIED IN PART as set forth in this Order.[4]

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[4] This Court is believes that this matter is ripe for settlement. The parties are encouraged to contact the Court if they are interested in participating in alternative dispute resolution.