# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUNCAN JUDSON,<br>              Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br>and MIDLAND FUNDING, LLC,<br>              Defendants. | CIVIL ACTION<br>NO. 13-11435-TSH |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

### October 1, 2014

Hennessy, M.J.

      Pursuant to 28 U.S.C. § 636(b)(1)(A), by Order of Reference (Docket #49), this matter was referred to me for a ruling on Plaintiff Duncan Judson's Motion to Compel Compliance with this Court's August 1, 2014 Order and for Sanctions (Docket #46). Defendants Midland Credit Management, Inc. and Midland Funding, LLC (collectively "Midland") have filed a responsive pleading, styled as a Motion to Strike Plaintiff's Motion to Compel and for Sanctions (Docket #47). Midland requested a hearing at a status conference calendared before the District Judge, which was implicitly denied by the Order of Reference. This matter is now ripe for adjudication. For the reasons that follow, the Motion to Compel and for Sanctions is DENIED, and the Motion to Strike is DENIED. Should Plaintiff ultimately prevail on the merits of this lawsuit, his counsel is directed to subtract from their statutory costs and attorney's fees, all costs and fees incurred in filing the instant motion. Finally, Plaintiff is issued yet another warning that the failure to comply with the Local Rules of this Court may result in the imposition of sanctions, including dismissal with prejudice. See L.R. 1.3.

**Background**

Plaintiff has sued Midland alleging that Midland violated the Fair Debt Collection Practices Act ("FDCPA"). In support of this claim, Plaintiff alleges that from December 2012 through March 2013, Midland called the Plaintiff nearly every day, and sometimes more than once a day. (Docket #1 at ¶ 19). Midland argues that telephone billing records obtained by way of third party subpoena reflect that Midland made only a few calls to Plaintiff. (Docket #47 at ¶ 1). Efforts to resolve this matter have been unsuccessful. (Id.)

On August 1, 2014, I issued a ruling that denied in part and granted in part Plaintiff's Motion to Compel Full and Complete Responses to Interrogatories and Requests for Production of Documents. (Docket #41). Midland's attorneys had sought reimbursement of their fees in opposing the motion, suggesting among other things, that Plaintiff's counsel had engaged in unnecessary and expensive discovery in order to inflate the fees they might collect if Plaintiff prevailed on his FDCPA claim.[1] I denied Midland's motion for costs. (Id.).

Within that Order, and significant to the disposition of Plaintiff's current motion, I twice cautioned Plaintiff's counsel that any future failures to comply with the Local Rules could lead to sanctions.[2] (Docket #41). The warning was precipitated by Plaintiff's counsel having filed a 34-page memorandum without first seeking leave, and by their failure to confer with Midland's counsel before filing the motion addressed by that Order. (Id.). In addition, though I granted the motion in part, I did not set a date for compliance with the motion to compel. (Id.). On August

---

[1] Pursuant to the FDCPA, Plaintiff's counsel may recover reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3). As Midland's counsel pointed out, the recovery of fees in this matter does not inure to the Plaintiff's benefit. (Docket #47 at n.1).

[2] I cautioned: "Counsel for Judson is advised to comply with the Local Rules of this Court, or face the penalties prescribed therein;" and "[t]he Court is prepared to invoke the penalties prescribed in the Local Rules for the disregard of them." (Docket #47 at nn.1, 2).

14, 2014, Judge Hillman set September 25, 2014 as the deadline for fact discovery. (Docket #45).

Plaintiff had scheduled Midland's Rule 30(b)(6) deposition for September 17, 2014. (Dcoket #46-1). On September 16, 2014, Midland sent their supplemental answers to interrogatories and informed Plaintiff, by way of e-mail, that they would send the responsive documents the next day (Midland also unilaterally postponed the Rule 30(b)(6) deposition until September 23, but the postponement of the Rule 30(b)(6) deposition is not a basis for the instant motion to compel). (Docket #46-2). No documents arrived on September 17, 2014. (Docket #46-1). On September 18, at approximately 3:30 p.m., Plaintiff's counsel e-mailed Midland's counsel about the remaining discovery, but received no response. (Id.) Instead, Plaintiff's counsel received an "out of office" e-mail message that Midland's counsel was unavailable until the following day, September 19. (Docket #47 at ¶ 4). Plaintiff's counsel filed the instant motion to compel and for sanctions on September 19, 2014. (Docket #46). Accompanying Plaintiff's motion is the following certification: "Pursuant to Local Rule of Civil Procedure 7.1(a)(2), the undersigned counsel hereby certifies that the parties, after reasonable effort, were unable to resolve this dispute." (Docket #46-3). Local Rule 7.1, on the other hand, provides: "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."

Midland represents in their opposition to the current motion that they produced their supplemental responses to document requests on September 19, 2014, two days after they had agreed to provide such discovery. (Docket #47 at ¶6). Midland also informed the Court that, in light of the September 19 production of discovery, they asked Plaintiff's counsel to withdraw the

Motion to Compel and for Sanctions, but that Plaintiff's counsel refused to withdraw the motion unless they were reimbursed for their fees and costs. (Docket #47-3).

**Plaintiff's Motion to Compel**

The motion to compel is DENIED because it is moot. I accept the representation of Midland that they have produced all responsive documents. There is nothing to compel.

**Plaintiff's Motion for Sanctions**

The motion for sanctions for failure to comply with this Court's August 1, 2014 Order is DENIED. As the record shows, the Court did not order production of discovery by a date certain. Without such an Order, Plaintiff's Rule 37(b) motion lacks a factual predicate. See Fed. R. Civ. P. 37(b) (titled "Failure to Comply with a Court Order"). While the record is unclear as to how and when Midland agreed to serve the supplemental documents on September 17, 2014, Midland's production two days later on September 19 does not amount to a failure to obey a court order.

**Sanction for Plaintiff's Failure to Meaningfully Comply with Local Rule 7.1**

Further, this Court finds that Plaintiff's counsel failed to discharge their obligations under Local Rule 7.1 by filing the instant motion without conferring with Midland. The instant motion demonstrates a patent disregard for the Court's time. See, Converse, Inc. v. Reebok Intern. Ltd., 328 F. Supp. 2d 166, 170-71 (D. Mass. 2004) (adopting the magistrate judge's finding that the failure "to comply with Rule 7.1 is an 'offense … that harms the District Court as much as [opposing counsel].'"). Plaintiff's e-mail to Midland on September 18, 2014, does not amount to a conference between counsel. Id. at 174-75 (leaving a voice message with opposing counsel was not a "conference" under L.R. 7.1). Rather, the record suggests that Plaintiff hastily filed the instant motion without giving Midland a meaningful opportunity to explain the delay of two

4

days in the production of some discovery -- a conference that would have obviated the need for Plaintiff's instant motion. Moreover, this is not a situation where the delay of two days for discovery prejudiced Plaintiff, because the Rule 30(b)(6) deposition has been continued to a date in October. (Docket #47-3).

As a sanction, should Plaintiff prevail on the merits of his FDCPA claim, in any written or oral motion by Plaintiff for attorney's fees and costs in this case, Plaintiff's counsel shall expressly represent that they have excluded all costs and attorney's fees incurred in the instant motion to compel and for sanctions.

**Midland's Motion to Strike**

Midland's Motion to Strike is DENIED. Rule 12(f) provides, in pertinent part, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The First Circuit has repeatedly held that memoranda and motions are not considered pleadings within the meaning of the Rules of Federal Civil Procedure (see Fed. R. Civ. P. 7(a) for a definition of a "pleading"); therefore it has refused to strike motions under Fed. R. Civ. P. 12(f). See e.g. Pilgrim v. Trs. of Tufts Coll., 118 F.3d 864, 868 (1st Cir. 1997), abrogated on other grounds by Crowley v. L.L. Bean, Inc., 303 F.3d 387 (1st Cir. 2002) (Rule 12(f) applies only to pleadings and not to motions made in pursuit or in opposition to summary judgment); Kuehl v. F.D.I.C., 8 F.3d 905, 907, n.4 (1st Cir. 1993) ("[i]t is well established in this circuit that motions to dismiss are not responsive pleadings"); Phinney v. Paulshock, 181 F.R.D. 185, 207 (D.N.H. 1998) aff'd sub nom. Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999) (Rule 12(f) only applies to pleadings); Marcello v. Maine, 489 F. Supp. 2d 82, 85–86 (D. Me. 2007) (a summary

judgment motion is not a pleading as defined by Rule 7); <u>Colon v. Blades</u>, 268 F.R.D. 143, 146 (D.P.R. 2010) ("[a]n informative motion is not a pleading within the meaning of Rule 12(f)").

## CONCLUSION

Plaintiff's counsel has filed an unnecessary and wasteful motion, and has again failed to comply with the Local Rules of this Court. It is conduct that tempts the imposition of a serious sanction.

Plaintiff's motion (Docket #46) and Midland's motion (Docket #47) are DENIED.

<u>/s/ David H. Hennessy</u>
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE